**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DOUGLAS CONSULTANTS, LLC,

Plaintiff,

v. Case No.: 8:25-cv-02972-CEH-LSG

STRYKER CORPORATION OF MICHIGAN,

Defendant,
_________________________________/

**ORDER**

This matter comes before the Court on Defendant Stryker Corporation's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law. Doc. 23. In the motion, Defendant Stryker Corporation of Michigan ("Stryker") requests this Court to dismiss with prejudice the Amended Complaint. As to Count I, Stryker maintains there was no breach of contract because it duly paid Plaintiff all commissions under the contract. *Id.* As to Counts II and III, Stryker posits Plaintiff's claims of unjust enrichment and *quantum meruit* should be dismissed because there was a written contract in place that adequately governs the transaction at issue. *Id.*

The Court, having considered the motion and being fully advised in the premises, will deny the motion to dismiss.

**BACKGROUND**[1]

On February 5, 2024, Plaintiff and mfPHD, LLC ("mfPHD") entered into an Independent Sales Representative Agreement ("Sales Agreement"). Doc. 13 ¶ 8. Under the Sales Agreement, Plaintiff agreed to sale mfPHD's products in exchange for commission payments. *Id.* ¶ 9.

On April 30, 2024, Stryker acquired mfPHD. *Id.* ¶ 11. As a result of the acquisition, mfPHD merged into Stryker, and Stryker assumed all of mfPHD's debts, liabilities, and duties. *Id.* ¶¶ 13-14. Further, Stryker sent Plaintiff a 90-day termination notice that ended the Sales Agreement, effective July 30, 2024. *Id.* ¶¶ 15, 17. The termination notice detailed the following Separation Agreement: in exchange for Plaintiff providing transition services to Stryker during the final 90 days, Stryker would pay Plaintiff $287,227.66 within 14 days of the termination date, regardless of the completion status of the job. *Id.* ¶¶ 18-19. The Separation Agreement enumerated the transition services as follows:

> **In-Process Projects**: For all in-process customer projects, you agree to work with the Company to handoff those projects. You agree to work with the Company's representative and customer to revalidate the remaining project scope.
>
> **Introductions**: You agree to facilitate introductions to customers to the Company's representative for sales pipeline opportunities and provide related documentation.

[1] Unless otherwise stated, the following statement of facts is derived from the Amended Complaint & Demand for Jury Trial (Doc. 13), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

*Id.* ¶ 19.

The Separation Agreement is a valid and enforceable agreement between Plaintiff and Stryker. Doc. 13 ¶ 29. Moreover, the Separation Agreement states that it supersedes the Sales Agreement:

> This [Separation Agreement] embodies the complete agreement and understanding between [the parties] with respect to the subject matter hereof, and supersedes and preempts any prior understandings, agreements, or representations by the parties, written or oral, which may have related to the subject matter in any way, including the [Sales Agreement].

*Id.* ¶ 20.

Stryker is responsible for any debts, liabilities, and duties arising from the Separation Agreement. *Id.* ¶ 21.

Plaintiff provided Stryker with all transition services during the 90-day notice period. *Id.* ¶ 22. However, Stryker breached the Separation Agreement by refusing to pay Plaintiff the entire $287,227.66 as agreed upon in the Separation Agreement. *Id.* ¶ 23. Instead, Stryker only paid Plaintiff $59,388.96. *Id.* ¶ 24. Therefore, Stryker owes Plaintiff $227,838.70. *Id.* ¶ 25.

Furthermore, Plaintiff conferred a benefit to Stryker by providing transition services during the 90-day notice period. Doc. 13 ¶¶ 34, 40. Stryker knowingly appreciated, accepted, and retained the benefit without compensating Plaintiff for the

same[2]. *Id.* ¶¶ 35, 41. It would be inequitable for Stryker to retain the benefit without paying Plaintiff for the value of the benefit. *Id.* 13 ¶¶ 36,42.

All conditions precedent to the filing of this action have occurred, been performed, or been waived. Doc. 13 ¶ 26.

## I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

[2] Plaintiff's *quantum meruit* claim (Count III) fails to specify that Stryker did not pay Plaintiff for the benefit received. *See* Doc. 13 ¶ 40.

## II. DISCUSSION

In the Amended Complaint, Plaintiff sues Stryker for breach of contract, unjust enrichment, and *quantum meruit*. Doc. 13. Stryker moves this Court to dismiss the Amended Complaint in its entirety. Stryker argues there was no breach of contract because it promptly paid Plaintiff all commissions he earned under the contract, and it was not obligated to pay commissions for potential sales that never materialized. Doc. 23. Stryker also argues that the causes of action for unjust enrichment and *quantum meruit* are impermissibly duplicative of Plaintiff's breach of contract claim, and that they must be dismissed because there was an express contract in place. *Id.*

The Court will first address Stryker's challenge to the breach of contract claim before addressing the permissibility of the unjust enrichment and *quantum meruit* claims.

**Count I – Breach of Contract**

In Count I, Plaintiff alleges that despite the Separation Agreement being a valid and enforceable agreement, Stryker breached the Separation Agreement by refusing to pay Plaintiff the entire $287.227.66. Doc. 13 ¶ 29. Stryker responds that it paid Plaintiff all commissions that Plaintiff earned under the Separation Agreement[3], and there was no agreement that it would pay Plaintiff commissions for potential sales that never materialized. Doc. 23. Moreover, Stryker maintains that Plaintiff failed to allege that

[3] Stryker refers to the disputed agreement as the "Termination Agreement." This Court refers to the agreement as the "Separation Agreement," as that is the terminology used in the Amended Complaint.

he met the conditions precedent that were necessary before he could receive any additional commissions. *Id.*

Under Florida law[4], the elements of a breach of contract claim are: 1) the existence of a valid contract, 2) a material breach of the contract, and 3) damages caused as a result of the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (applying Florida law); *Cole v. Plantation Palms Homeowners Ass'n*, 371 So. 3d 413, 415 n.2 (Fla. 2d DCA 2023); *see also Gonzalez v. Indep. Ord. of Foresters,* No. 24-10758, 2025 WL 337898, at *3 (11th Cir. Jan. 30, 2025) (applying Florida law); *Gent Row, LLC v. Truist Fin. Corp.*, No. 24-10387, 2025 WL 1721485, at *3 (11th Cir. June 20, 2025) (applying Florida law).

Here, the Amended Complaint puts forth sufficient facts to assert a breach of contract claim. First, the Amended Complaint alleges the "Separation Agreement represents a valid and enforceable agreement between Plaintiff and mfPHD n/k/a Stryker." Doc. 13 ¶ 29. Second, the Amended Complaint provides that "Stryker breached the Separation Agreement by failing and refusing to pay Plaintiff the entire $287,227.66 that…Stryker agreed to pay Plaintiff under the Separation Agreement." *Id.* ¶ 30. Third and finally, the Amended Complaint specifies the precise value of the damages by alleging that Stryker paid $59,388.96, but it still owes Plaintiff $227,838.70 under the Separation Agreement. *Id.* ¶¶ 24,25.

---

[4] The parties argue, and the Court agrees, that Florida law governs this contract dispute. *See* Doc. 23 at 8; Doc. 27 at 8.

Stryker's argument that Plaintiff did not first complete the conditions precedent to receiving the full commission is misplaced. First, completion of a condition precedent is not an element of a breach of contract claim under Florida law. Second, even if satisfaction of a condition precedent were an element of a breach of contract claim, the Amended Complaint provides, "all conditions precedent to the filing of this action have occurred, been performed, or been waived." Doc. 13 ¶ 26.

In conclusion, Plaintiff adequately alleged a breach of contract claim.

**Pleading in the Alternative**

Pursuant to Federal Rule of Civil Procedure 8(d)(2), a party may set out two or more statements of a claim alternatively, either in a single count or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. Fed. R. Civ. P. 8. Moreover, litigants in federal court may pursue alternative theories of recovery, regardless of their consistency. *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.,* 676 F.2d 516, 523 (11th Cir.), adhered to, 681 F.2d 734 (11th Cir. 1982); *See also Wade v. McDade,* No. 21-14275, 2024 WL 5200546, at *6 n. 3 (11th Cir. Dec. 23, 2024). However, a party cannot recover separately on inconsistent theories when one theory precludes the other or the two theories are mutually exclusive of one another. *Brookhaven,* 676 F.2d at 523.

A plaintiff may plead unjust enrichment or *quantum meruit* as an alternative theory to a breach of contract cause of action. *Tooltrend, Inc. v. CMT Utensili, SRL,* 198 F.3d 802, 807 n.5 (11th Cir. 1999); *Salerno v. Fla. S. Coll.,* 488 F. Supp. 3d 1211, 1218 (M.D. Fla. 2020) (reasoning that although a plaintiff cannot recover on both breach of

contract and unjust enrichment, it is premature to dismiss at the pleading stage the unjust enrichment claim that was pled in the alternative); *Collaboration Betters The World, Inc. v. Hertz Corp.*, No. 2:23-CV-131-JES-KCD, 2023 WL 3931822, at *2 (M.D. Fla. June 9, 2023) (reasoning that although an unjust enrichment claim cannot be maintained when there is an express contract, a plaintiff may assert a claim for unjust enrichment as an alternative to a contract claim).

In the present case, Plaintiff unequivocally asserts that the unjust enrichment and *quantum meruit* counts are alleged as alternatives to the breach of contract claim. Doc. 13 ¶¶ 33, 39. Although it is impermissible for Plaintiff to recover on both the breach of contract and quasi-contract claims, it is too early in the lawsuit for this Court to dismiss the unjust enrichment and *quantum meruit* counts, as the evidence has not yet shown which claims preclude, or are otherwise mutually exclusive to, the other claims in the Amended Complaint. *See Brookhaven*, 676 F.2d at 523. Therefore, Plaintiff properly pled unjust enrichment and *quantum meruit* as alternative theories of recovery.

Moreover, on one hand, Stryker argues that the unjust enrichment and *quantum meruit* claims are prohibitively duplicative because an express contract governed the agreement. Doc. 23 at 13-16. However, on the other hand, Stryker contends that Plaintiff has failed to state a valid breach of contract claim. *Id.* at 9-13. Hence, if there is no valid breach of contract claim, then the unjust enrichment and *quantum meruit* claim are not duplicative, and Plaintiff is permitted to offer them as alternative theories

of liability. *See Collaboration,* 2023 WL 3931822, at *2 (M.D. Fla. June 9, 2023) (reasoning that if it is assumed there is no valid contract, then unjust enrichment may be pled as an alternative to breach of contract); *See also Salerno*, 488 F.Supp.3d at 1218 (reasoning that the unjust enrichment claim may remain as an alternative pleading where the defendant disputes the merits of the breach of contract claim).

In conclusion, Plaintiff's claims of unjust enrichment and *quantum meruit* are not barred by the breach of contract claim. Instead, they may be pled as alternatives to the breach of contract claim.

Accordingly, it is **ORDERED**:

1. Defendant Stryker Corporation's Motion to Dismiss Amended Complaint (Doc. 23) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on August 12, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any